# SUPREME COURT.

WILLIAM ZINK and others agt. ISAIAH ATTENBURG and others.

By the second clause of § 306 of the Code, in all actions, whether of a legal or equitable nature, where there are several defendants, *not united in interest*, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the *court must award*, to such of the defendants as have judgment, their *costs*—they are not entitled to costs of course. (*Bank of Attica* agt. *Wolf, ante, p.* 102.)

But, under the provisions of the same clause of said section (306), where such defendants *do not make a separate defence by separate answers*, but unite in a general denial answer, such as are entitled to judgment, when the plaintiff fails to recover against all, are entitled to *costs of course*, under § 305.

In an action upon a contract which is *in fact joint* only, there can be no recovery against one only of the joint contractors, except in cases where the defence is personal to one or more of the other defendants, as infancy, &c. But where several persons are made defendants, as upon a joint contract, and the plaintiff so declares in his complaint, but the *proof* shows that in point of fact only a portion of the defendants made the contract, the plaintiff can recover against such defendants as in fact were liable.

*Niagara General Term, September,* 1859.

*Present,* GREENE, *P. J.,* MARVIN *and* GROVER, *Justices.*

ACTION for assault and battery.

The defendants joined in a general denial answer, and on the trial the plaintiffs obtained a verdict against the defendants other than Attenburg, as to him, the plaintiffs failed. He presented his costs for adjustment to the clerk, who refused to adjust them, the plaintiff objecting that Attenburg was not entitled to costs. Also, that he should first have obtained the order of the court allowing him costs. A motion was then made, at a special term, for an order directing the clerk to adjust the costs of Attenburg, and for such other or further order as to the court might appear just. The court ordered that the clerk, on the usual notice, receive and adjust the

costs and disbursements of the defendant Attenburg. The plaintiffs appealed to the general term.

A. G. RICE, *for plaintiffs.*
W. A. MELOY, *for defendants.*

By the court—MARVIN, Justice. At the time I granted the order at the special term, I was of the opinion that the second clause of section 306 of the Code had not been substantially changed or enlarged by the amendment of 1851, substituting the words, "in all actions where," for the word "when," and that Attenburg was entitled to costs, of course, under section 305, the action being one in which, by section 304, the plaintiff would have been entitled to costs if he had succeeded. I have examined this question in another case presented on appeal, *The Bank of Attica* agt. *Wolf and others* (*ante, p.* 102), and have come to the conclusion, after examining the authorities, that the opinion I had formed was erroneous. I have concluded to follow the decisions of the superior court of New-York, cited in my opinion in the case just referred to. The result is, that now in all actions, whether of a legal or equitable nature, where there are several defendants, not united in interest, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have judgment in their favor, or any of them; that is, such defendant is not in any case, in the circumstances specified, entitled to costs of course, but must apply to the court to award them.

In the present case, the action was assault and battery. The defendants were not united in interest. They did not, however, make separate defences by separate answers. What effect is this to have upon the question of *right* to costs? Is the defendant Attenburg in a better condition in relation to costs than he would have been if he had answered *separately?* He could defend as well under a joint denial answer as under a separate one, and this is so, I apprehend, in most cases. The learned judge, in *Williams* agt. *Hargan and Hargan* (13 *How.*

*Pr. R.* 138), supposes that the second paragraph of section 306 was intended, so far as it applies to legal actions, for actions of *tort*, or for money demands arising on contracts several in their nature, or joint and several, and in which the answer of one defendant does not enure to the benefit of another, and so also in an action on joint contract, when one defendant sets up a defence personal to himself only, as infancy. He says when several are sued on a joint contract, and all or either deny the joint contracting, though by separate answers, the success of either enures to the benefit of the others, because the plaintiff cannot in such case have judgment against any, and he cites *Fullerton* agt. *Taylor* (6 *How. Pr. R.* 259), *and the Code,* § 274.

In *Fullerton* agt. *Taylor*, the action was against three defendants for work and labor. The referee found that the work was done for one of the defendants, and judgment was entered against such defendant alone. It was set aside at a special term, on the ground that as the action was joint against the three defendants, and upon a joint demand, there could be no judgment against one of the defendants only, though the evidence showed that the demand was, in point of fact, only against the one defendant. In other words, the learned judge followed the rule existing prior to the Code, that, in an action upon contract against several, the plaintiff must establish a joint cause of action against all or fail. As I understand, the case of *Fullerton* agt. *Taylor* has not been followed or regarded as law for many years past. I suppose the law to be, that in an action upon a contract which is *in fact* joint only, there can be no recovery against one only of the joint contractors, if the question is properly raised, except in cases where one of the joint contractors has a defence personal to himself, as infancy, &c.; one reason being that all contractors, who are joint only, have a right that each contractor should be made a party defendant with him. (*See Selkirk* agt. *Waters*, 5 *How.* 298.) I also suppose the law now to be, in a case where several persons are made defendants, as upon a joint contract, and the plaintiff so declares in his complaint, but the proof shows that in point

Zink agt. Attenburg.

of fact, only a portion of the defendants made the contract, the plaintiff can recover against such defendants as in. fact were liable. That it does not now depend upon the allegations in the complaint, as to the joint liability of all the defendants, but upon the fact, whether they are all liable, and if some are liable and others not, the plaintiff may have judgment against such as the evidence showed to be liable. In short, that the decision of the referee in *Fullerton* agt. *Taylor* was entirely correct. (*See The People* agt. *Cram and White*, 8 *How. Pr. R.* 151, *in which Fullerton* agt. *Taylor is examined. Cowles and Curtis* agt. *Cowles*, 9 *How. Pr. R.* 361; *Brumskill* agt. *James*, 1 *Kern.* 294.)

The question still remains, as the defendant Attenburg did not make a separate defence by a separate answer, is he entitled to costs, as a matter of course, under section 305 ? ·

In *Daniels* agt. *Lyons and others* (5 *Seld.* 549), the action was for a trespass against five defendants. The plaintiff recovered against two, and failed as to the other defendants. They had all joined in one answer. The court held that the defendants succeeding were entitled to costs of course, under section 305. The question arose prior to the amendment of section 306, in 1851. The case is precisely in point, in the present place, unless the amendment of 1851 has effected a change in the law, extending to the precise point we are considering.

After considerable reflection I have come to the conclusion, that as Attenburg did not make a separate defence by a separate answer, he is not within the second clause of section 306, and that he, therefore, was entitled to costs of course, under section 305 of the Code, according to *Daniels* agt. *Lyons and others* (*supra*). In coming to this conclusion, effect is given to all the specifications contained in the second clause of section 306, and yet I am not very well satisfied with the result. That in a case where one of several defendants unites in a denial answer with his co defendants and succeeds, he is to have costs of course ; but, if he makes a separate defence by a separate an swer, he can only have costs if the court sees fit to award them to him. The order appealed from is affirmed.