Before the amendment of 1851 to section 306 of the Code, the provision contained in that section that "when there are several defendants not united in interest and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have judgment in their favor, or any of them," related only to actions other than those referred to in sections 304 and 305, and was so construed. *Page 51 
(Daniels v. Lyon, 5 Seld., 549.) That case, although decided in this court in 1854, arose under the Code of 1849. But the amendment of 1851 seems to have been made for the express purpose of changing the rule by extending the provision to common-law, as well as equitable actions; the amendment consisting wholly in substituting for the word, "when," the words, "in all actions where." This amendment could have had no other object than to make the conditions upon which one or more of several defendants might recover costs against a plaintiff who should recover against other defendants applicable to all actions. These conditions are, first, that the successful defendant be not united in interest with those against whom the plaintiff recovers; secondly, that they make separate defences by separate answers; and, thirdly, that the court award costs to the successful defendant. The language of section 305 might, in the absence of this special provision, well be construed, and was construed, as authorizing any one of several defendants in the actions mentioned in section 304 to recover costs, where the plaintiff was not entitled to recover costs against him. But we think that the special provision, as amended in 1851, must be regarded as regulating the whole subject of the recovery of costs by one or more of several defendants who obtains judgment in his favor, and confining the right to such recovery to the cases expressly mentioned to the exclusion of all others; and that, consequently, the defendant, Wheeler, could, in no event, recover costs in this action, he not having made a separate defence by separate answer.
All the cases in which a different decision was made arose before the amendment of 1851 took effect (July 30, 1851), except the cases of Corbett v. Ward (3 Bos., 632), and Zink v.Atterburg (18 How. Pr., 108). Corbett v. Ward was based wholly on the case of Decker v. Gardiner (4 Seld., 29) and the amendment of 1851 seems to have been overlooked. In Zink v.Atterburg the amendment of 1851 was considered, and the conclusion reached was that, where one of several defendants succeeded and judgment was rendered against the *Page 52 
others, if the successful defendant had united with the others in their answer, he was entitled to costs of course; but that, if he had separately defended by a separate answer, he could have costs only if the court saw fit to award them to him. The learned judge who delivered the opinion in that case pronounced himself dissatisfied with that result, and it is equally unsatisfactory to us.
The orders of the General and Special Terms should be reversed, with costs, and the motion granted.
All concur.
Ordered accordingly.