JOSEPH PARK, Jr., JOHN M. TILFORD AND CHARLES PARK, APPELLANTS, RESPONDENTS, *v.* ALEXANDER SPAULDING AND WILLIAM L. SIMMONS, IMPLEADED, ETC., APPELLANTS AND RESPONDENTS.

JOSEPH PARK, Jr., JOHN M. TILFORD AND CHARLES PARK, APPELLANTS AND RESPONDENTS, *v.* ZACHARIAH E. SIMMONS AND J. H. ADAMS, IMPLEADED, ETC., APPELLANTS AND RESPONDENTS.

*Code,* § 306 — *when one of several defendants entitled to costs — Clubs — liability of members of — how terminated.*

Where, in an action brought against several defendants, the plaintiff succeeds as to some and fails as to the others, the successful defendants are only entitled to costs when,

(1) They are not united in interest with those against whom the plaintiff recovers;

(2) They have interposed a separate defense by a separate answer; and when

(3) Costs are awarded to them by the court.

*Allis* v. *Wheeler* (56 N. Y., 50) followed.

Where a body of gentlemen join themselves together for social and recreative purposes, and assume a name under which they incur liabilities, the members thereof become jointly liable for any indebtedness thus incurred, and each member continues liable so long as he remains a member of such body, and until he notifies the creditors thereof of his withdrawal therefrom.

APPEAL by the defendants Spaulding and W. L. Simmons from so much of a judgment entered upon the report of a referee, as directs judgment against them for $1,050.12, and appeal by the plaintiffs from so much of said judgment as awards costs to the defendants Z. E. Simmons and J. H. Adams.

From the report of the referee, it appears that early in the month of April, 1871, a number of gentlemen met together and agreed to form an association for social purposes, to be called and known as the Worth Club, the defendant William L. Simmons being one of such persons.

That such persons, and those who afterward joined them, procured a building on Twenty-seventh street, in the city of New York, went into the possession thereof before the 21st of April, 1871, and kept the same open as a club-house till after January 5, 1873.

That such club was not incorporated, had no constitution or by-laws, but its object and purpose was to provide a club-house at which the members could meet together for conversation, social intercourse, and there obtain such refreshments, wines, liquors and cigars, etc., as they might, while there, desire; and such object and purpose was carried out from the time of the organization of the club till after January 5, 1873.

That, at a meeting of the members of said club, held on the 21st day of April, 1871, Thomas B. Whitney and Thomas L. Banker, two of the members of such club, were appointed a committee to purchase a stock of wines, liquors and cigars, for the use of said club and the members thereof, and, in pursuance of such appointment, such committee called upon and applied to the plaintiffs to sell a bill of goods to the Worth Club.

That said plaintiffs then inquired if the Worth Club was incorporated, and were informed that it was not. They then asked who were members of it, and a number of the members being mentioned, among those named being the defendant W. L. Simmons, the plaintiffs stated that they knew some of the members, and deemed them responsible, and, at the same time, the said Whitney stated to the said plaintiffs that he, personally, would guarantee the payment of the bill of goods which he desired to purchase, but nothing bought after that, and that Park & Tilford could ascertain as to their (the club's) responsibility.

That about the time of such purchase, or very shortly thereafter, Richard M. Darling became the steward of the Worth Club, and acted as such till after January 5, 1873, and until such club ceased to exist as an organization.

That about two months after the delivery to said club of the goods so purchased of Park & Tilford by said Whitney and Banker, an arrangement was made by said Richard M. Darling with the members of the Worth Club, generally, in and by which said Darling promised and agreed that he, personally, and on his own credit, would buy and pay for all necessary supplies for said club, and the members thereof, and that he would dispose of the same to the members thereof as they should desire, and look to the individual members for payment of the same, and that he would

not contract any debt on the credit of said club, which arrangement was generally known to the members of the club.

That Park & Tilford never were informed of this arrangement or of the agreement of said Darling with the members of the club, nor did the members of the club know that Darling continued to buy supplies of Park & Tilford on the credit of the club, nor did they make any inquiry of Park & Tilford on the subject.

That, in the spring of 1872, the defendant Alexander Spaulding joined the club and continued a member thereof while it lasted.

The defendant Zachariah E. Simmons joined the Worth Club in 1871, and on or before October 1, 1873, he sent a note to the secretary, addressed to the club, resigning his membership or tendering his resignation. He never was informed of any acceptance of his resignation, nor did it appear that his note of resignation was ever received by the club or the secretary thereof. Park & Tilford had no knowledge of Mr. Z. E. Simmons' membership or of his resignation.

The defendant William L. Simmons was a member of said club in the spring of 1871, and Park & Tilford were informed of his membership in the club when the account with them was first opened, but they had no knowledge or information of his withdrawal therefrom.

· The defendant J. Howard Adams joined the Worth Club the forepart of May, 1871, and continued his membership about six months, and then sent to the club his resignation as a member, after which he never went to the club-house.

Park & Tilford had no notice or information that the defendant Adams was a member of the club, nor any information of his withdrawal therefrom.

The referee found, as conclusions of law, that the plaintiffs were entitled to judgment against the defendants Alexander Spaulding and William L. Simmons, and that the defendants Zachariah E. Simmons and J. Howard Adams were entitled to judgment in their favor in this action, with costs against said plaintiffs.

*Stephen A. Walker*, for the plaintiffs, as appellants and respondents.

*H. M. Whitehead*, for the defendants, as appellants and respondents.

DAVIS, P. J.:

The appeal of the plaintiffs is from the judgment for costs entered against them by the direction of the referee in favor of the defendants Z. E. Simmons and Adams. These defendants were sued with the defendants W. L. Simmons and Spaulding for an alleged joint cause of action. They did not put in separate answers, but appeared by the same attorneys, and united in the answer with all the other defendants in the action. The referee directed a judgment in their favor for costs, on the ground that the plaintiffs had failed to establish their liability for the cause of action sued upon. In *Allis* v. *Wheeler* (56 N. Y., 50), the Court of Appeals held that the provision of section 306 of the Code, as amended in 1851, regulates in all actions the whole subject of the allowance of costs to one or more of several defendants, who obtain judgments in his or their favor, while the plaintiff recovers costs against the other defendants, and that the conditions upon which defendants in such cases can have costs against the plaintiff are: 1. That the successful defendant be not united in interest with those against whom the plaintiff recovers. 2. That they make a separate defense by a separate answer; and 3, that the court award costs to the successful defendants. In respect of these defendants but two of these conditions, to wit, the first and third, are met. The second, that they make a separate defense by a separate answer, is not complied with. The effect of this condition is to deprive them of the right to costs. The referee had no power to award costs to them, and the judgment in their favor for costs must therefore be reversed.

The appeal of the defendants Spaulding and Simmons is from the judgment in favor of the plaintiff.

They were members of an unorganized body of gentlemen calling themselves the "Worth Club." This body had no constitution or by-laws, or articles of association. It comprised, however, more than seven members, and it had a president and treasurer at some time, if not all the time, during its continuance.

The appellants claim that this body was a joint-stock company or association, and could only be sued in the name of the president or treasurer under the statute of 1849, chapter 258, and the statute of 1851, chapter 455. If the "Worth Club" were a company or association within the meaning of chapter 455 of the laws of 1851, still

an action might be maintained against the individual members, because the provisions of chapter 153 of the Laws of 1853, which amended the act of 1849 so as to require an action against the joint-stock company or association, and an execution upon judgment to be returned unsatisfied in whole or in part before a suit could be brought against the shareholders of associations individually, do not apply to the cases provided for by chapter 455 of the laws of 1851. But, upon the facts appearing in this case, the "Worth Club," so called, was not a joint-stock company or association within the meaning of the acts referred to. Its members remained at all times in that nebulous and inchoate condition, in which an aggregation of individuals, assuming a name under which they incur liability, are held personally liable for the benefit of creditors by the application of common-law principles. The referee has found a state of facts in this case upon which, we think, the present appellants are personally liable for the indebtedness to the respondent. The appellant, Spaulding, became a member of the club in the first part of December, 1871, and continued his membership as long as the club lasted. The appellant, William L. Simmons, was a member of the club at the time the account was first opened with the plaintiffs in the name of the club. He was one of the committee who made the first purchase of the plaintiffs, and he never notified the plaintiffs at any time of his withdrawal from the club. The goods thus purchased were sent to the club-house, and came into the possession of Richard M. Darling, the steward, who subsequently paid the plaintiffs the amount of that bill. He thereafter continued as such steward to act in making purchases from time to time in the name of the club; and, although a private arrangement existed by which the steward had agreed to make these purchases himself, and to furnish the articles to the members of the club on his own account, yet this arrangement was never communicated to the plaintiffs. Where such a body of gentlemen join themselves together for social intercourse and pleasure, and assume a name under which they commence to incur liabilities, by opening an account, they become jointly liable for any indebtedness thus incurred; and if either of them wishes to avoid his personal responsibility by withdrawal from the body, it is his duty to notify the creditors of such withdrawal; otherwise, if a creditor continues to furnish, in good faith, articles

such as have been previously purchased for the use of the club, his responsibility will continue upon the same principle that holds retiring partners to liability for an indebtedness subsequently contracted with former creditors. These principles have been properly applied, we think, in this case, by the learned referee, and the judgment should be affirmed.

Brady and Daniels, JJ., concurred.

Judgment on plaintiffs' appeal reversed.
Judgment on appeal of Alexander Spaulding and William L. Simmons affirmed, with costs.