By the Court.—Speir, J.
This is an appeal from an order awarding costs to the defendant upon a judgment rendered by the court in favor of the plaintiff.
The action was brought by the plaintiff to have certain moneys declared to be his. The case was referred, and the referee gave judgment that the money was the exclusive property of the plaintiff, who was successful, and that the estate which the defendant represents as administrator has no interest in the fund. The defendant failed to recover, but on his application, the court awarded him costs to be paid out of the plaintiff’s private fund. We are of the opinion that the court has no power to award costs to an unsuccessful defendant out of the private fund of a successful plaintiff. The cases in which the defendant may recover are *65 where the defendant is not united in interest with those against whom the plaintiff recovers—when separate defenses are made by separate answers—and where costs may be awarded to the successful defendant (Allis v. Wheeler, 56 N. Y. 50 ; Park v. Spaulding, 10 Hun, 128). In the present case the fund from which the costs are to be paid, is no part of the estate, but is the exclusive property of the plaintiff. The instances above stated where costs may be allowed, are authorized by the Code, and the discretion of the court is to be exercised within the limitations of the law. This principle, we think, is applicable in cases of both law and equity. Mr. Justice Marvin has said, in Downing v. Marshall (37 N. Y. 380),- “It is equally clear that the court of chancery has no inherent jurisdiction to ordain and order costs independent of statutory authority.”
The order appealed from should be reversed, with costs.
Curtis, Ch. J., and Van Vorst, J„. concurred.