JOHN S. ROYCE, APPELLANT, *v.* CHARLES JONES, HARVEY G. BAKER AND CHARLES O. BEACH, RESPONDENTS.

*Costs — when defendants, severing in their defense, are entitled to separate bills of costs.*

Where a verdict is rendered in favor of the defendants, in an action brought against them to recover damages for false and fraudulent representations alleged to have been made by them, and they have appeared therein by separate attorneys and served separate answers setting up the same defense, each defendant so appearing is entitled, in the absence of evidence showing that he has severed in his defense in bad faith and with intent to increase the costs, to tax a separate bill of costs against the plaintiff.

APPEAL from an order made at Special Term refusing to set aside a taxation of costs herein.

The action was brought to recover of the defendants damages for having made certain false and fraudulent representations to the plaintiff. There was a trial and a verdict for the defendants. The defendant Beach appeared and answered by Abbott & Drake, his attorneys. The defendants Baker and Jones appeared by J. B. Adams, and answered by a separate answer containing a general denial, which was the same and only defense set up by Beach.

*J. & Q. Van Voorhis*, for the appellant. Section 305 gives costs as a matter of absolute right. The courts have always treated the allowance of more than one bill to several defendants as a matter resting in its discretion. (*Atkins* v. *Lefevre*, 5 Abb. [N. S.], 221; *Castellanos* v. *Beauville*, 2 Sand., 670; *Harper* v. *Chamber-*

*lain*, 14 Abb., 408; *Bailey* v. *Johnson*, 1 Daly, 69; *Bridgeport Fire Ins. Co.* v. *Wilson*, 7 Bosw., 700; *Wood* v. *Brooklyn Fire Ins. Co.*, 10 How., 154.) It has been held in the following cases, that an order of the court is necessary: *Williams* v. *Horgan* (13 How., 138), *Bank of Attica* v. *Wollf* (18 id., 102), *Wicklow* v. *Bell* (18 id., 397), *Williams* v. *Blumer* (49 id., 12), *Allis* v. *Wheeler* (56 N. Y., 50).

*A. J. Abbott*, for the respondent Beach.

*J. B. Adams*, for the respondents Jones and Baker.

HARDIN, J.:

Manifestly this is an action at law where the rights of the defendants to costs are governed by the statute. The Code, section 304, provides for cases where a plaintiff is entitled to recover costs; and then follows section 305, saying, viz.: " Costs shall be allowed, of course, to the defendant in the actions mentioned in the last section, unless the plaintiff be entitled to costs therein." This section, prior to 1851, as construed in *Daniels* v. *Lyon* (5 Seld., 549), gave defendants who succeeded costs.

That case was decided in 1854, after the amendment of 1851, but the question arose prior to the amendment, and so it remains as an authoritative interpretation of *the* statute. When that question arose, section 306 applied solely to equity actions, as stated by RAPALLO, J., in *Allen* v. *Wheeler* (56 N. Y., 50). It was held in the case last cited, that where the plaintiff recovers against some of the defendants and fails against others, the costs of the latter must be awarded by the court if recovered.

Such was the purpose of the amendment of 1851; but where the plaintiff fails as to all of the defendants, they are entitled, where they were not united in interest and appeared by separate attorneys, to separate bills of costs. This question was decided by this court in *Milligan, Administrator,* v. *Robinson and Roof*, in January, 1880, and it has been passed upon by the third department in *Williams* v. *Cassady et al.*, decided September, 1880, and reported in volume ten of the New York Weekly Digest, page 494; S. C., 22 Hun, 180. If the severance is in bad faith, and to increase costs,

a different rule prevails. (*Lindslay* v. *Deafendorf*, 43 How., 90; *New York & N. H. R. R. Co.* v. *Schuyler*, 29 id., 89.)

In this case the defendants appear to have answered in good faith by two sets of attorneys, and we think it a case where the statute authorizes the allowance of two bills of costs without any order.

We must affirm the order with ten dollars costs and disbursements.

TALCOTT, P. J., and RUMSEY, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.