Let an order be entered herein on two days' notice.

---

## CITY COURT OF NEW YORK.

RUDOLPH E. KRAFFT, plaintiff and appellant, agt. H. JOSEPHINE WILSON, impleaded, &c., defendant and respondent.

*Costs — Rule as to two or more defendants — Code of Civil Procedure, section 3229.*

Where in an action against two or more defendants the plaintiff is entitled to costs against one or more, but not against all of them none of the defendants are entitled to costs as of course.

The provision of section 3229 of the Code of Civil Procedure, that costs may be awarded in such case to a successful defendant in the discretion of the court, applies only where such successful defendant is not united in interest with those unsuccessful, and when he interposes a separate defense by a separate answer. The fact of not being united in interest standing alone is not sufficient; both circumstances must exist before costs can be awarded.

*General Term, December,* 1885.

APPEAL from an order denying a motion made by the plaintiff to set aside the taxation of costs in favor of the defendant.

Krafft agt. Wilson.

*D. A. Spellissy*, for appellant.

*James C. Quinn*, for respondent.

McADAM, *C. J.*—The action was commenced upon a bank check drawn by "Robert Wilson, trustee," one of the defendants. The co-defendant, H. Josephine Wilson, was made a party on the allegation that Robert Wilson was her trustee, and that in making the check he acted on her behalf and for her benefit. It was neither in law nor in fact the joint check of both defendants, but the individual obligation of Robert Wilson, the term "trustee" being merely *descriptio personæ*, the *cestui que trust* not being in any manner liable upon it.

Upon the trial the plaintiff recovered a verdict against Robert Wilson individually, but as to H. Josephine Wilson the *cestui que trust*, the complaint was dismissed, "with costs." The plaintiff entered judgment on the verdict against Robert Wilson, "with costs," and the defendant, H. Josephine Wilson, had her costs taxed by the clerk, and from an order denying a motion to set aside the taxation the present appeal is taken. The question to be considered on this appeal is as to the power of the trial judge to allow costs to the defendant, who was successful at the trial, because if the court had no discretionary power in the premises the award of costs and the taxation which followed were all without authority, and the application to set aside the taxation ought to have been granted. By the common law costs were not awardable and were recoverable only by action (*Downing* agt. *Marshall*, 37 *N. Y.*, 380). The power to award costs emanates from the statute, and authority for awarding them must be found in the Code, or they cannot be awarded.

The rule that where the plaintiff does not succeed as to costs they go, as, of course, to the defendant, has its exceptions, one of which will be found in section 3229 of the Code, which, among other things, provides that in "an action against two or more defendants, wherein the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants

are entitled to costs, of course. In that case costs may be awarded, in the discretion of the court, to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in an answer and was not united in interest with a defendant against whom the plaintiff is entitled to costs."

The defendant, H. Josephine Wilson, was not united in interest with Robert Wilson, and is entitled to costs, unless the circumstance that she united with her co-defendant in an answer to the complaint, instead of interposing a separate answer thereto, prevents the court from making the discretionary award of costs contemplated by the section cited. Section 3229 (*supra*) is taken from sections 305 and 306 of the former Code of Procedure, which contained similar language. These sections were considered by the court of appeals in *Allis* agt. *Wheeler* (56 *N. Y.*, 50), which held that the right to costs in such cases as the present was confined to those expressly mentioned in the section, *i. e.*, where the successful defendant is not united in interest with those against whom the plaintiff recovers, and where they make separate defenses by separate answers. That the fact of not being united in interest standing alone is not sufficient; a separate defense by a separate answer must have been interposed as well, as both of these circumstances must exist before the costs can be awarded.

To the same effect in *Park* agt. *Spaulding* (10 *Hun*, 128), and the codifiers say that they intended section 3229 (*supra*), as adopted by the legislature, to be in accordance with the law as laid down in *Allis* agt. *Wheeler* (*supra*), and they have, in our judgment, given legal effect to their intention. It follows from this interpretation of section 3229 (*supra*) that the defendant, H. Josephine Wilson, though successful in her defense, is not entitled to costs, on the sole ground that she failed to interpose a separate answer, that the court had no power to award her costs and that the subsequent taxation thereof was unauthorized and should have been set aside upon the motion made for that purpose.

The order appealed from must, therefore, be reversed, but as

the question of interpretation under the present Code is apparently new, the reversal will be without costs (*Code, sec.* 3229).