(23 Misc. Rep. 595.)

CHURCHILL et al. v. WAGNER et al.

(City Court of New York, General Term. May 27, 1898.)

RIGHTS TO COSTS—DISMISSAL AS TO ONE DEFENDANT.

The owner of real property brought an action against a building contractor and his subcontractor to recover damages for injury to his property through the alleged negligence of the defendants, in blasting rock upon adjoining premises. The defendants appeared by the same attorney, and served joint answers, each of which was verified by both defendants. The complaint was dismissed as to the contractor, and judgment was recovered against the other defendant. *Held,* that under Code Civ. Proc. § 3229, the defendant as to whom the complaint was dismissed was not entitled to costs against plaintiff.

Appeal from trial term.

Action by Charles Churchill and Harriet Churchill against Theodore Wagner and Louis Lubecke. From a judgment dismissing as to defendant Wagner, plaintiffs appeal; and, from the judgment against him, defendant Lubecke appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Eugene R. Darling, for plaintiffs.

August P. Wagner, for defendant.

CONLAN, J. This case comes before us upon a cross appeal, the plaintiffs appealing from a judgment of dismissal as to the defendant Wagner, and the defendant Lubecke appealing from a judgment against him, entered upon a verdict in favor of the plaintiffs. The gravamen of the complaint is negligence of the defendants in blasting rock upon lands adjoining those of the plaintiffs, and for damages claimed as a consequence thereof. The defendant Wagner,

a contractor and builder, entered into a contract to erect a building upon lands adjoining those of the plaintiffs on Washington avenue, New York City; and he sublet that portion of the contract which called for blasting rock and excavating for the basement or cellar to the defendant Lubecke; and it is claimed that, in consequence of this subletting of the contract, Wagner was relieved of liability for the injuries inflicted, and the judgment in his favor proceeded on this theory of the case. There was included in this judgment costs to the amount of $108.68, and it is the contention of the plaintiffs' counsel that this award of costs is erroneous. The defendants appeared by the same attorney, and served joint answers. Each was verified by both defendants, and we are of the opinion that section 3229 of the Code is an authority for this interpretation. The provisions of that section touching the precise point here are that where the plaintiff is entitled to costs against one or more defendants, but not against all of them, none of the defendants are entitled to costs. In that case costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in the answer, and was not united in interest with the defendant against whom the plaintiff is entitled to costs. The provisions of the old Code were to like effect. The action is against both defendants upon their joint and several liability, and no other relief is sought against one than is claimed against the other. The negligence charged was the negligence of both, and only because of the subletting to the defendant Lubecke can it be said that Wagner was not liable. We think the true intent and meaning of the section quoted is that if one defendant unites in the answer with his co-defendant, or is united in interest, he cannot have costs in his favor on failure to recover a judgment against him, and so the authorities appear to decide. It was distinctly held in Frazer v. Hunt, 18 Wkly. Dig. 390, by the supreme court, general term, in this department, that the costs as to a successful defendant are made discretionary with the court when such successful defendant does not unite in the answer and is not united in interest; and in that case, because the defendant united in the same answer, it was held that the one having the judgment in his favor could not recover costs. To the same effect was the case of Allis v. Wheeler, 56 N. Y. 50, and Sawyer v. Thurber, 14 Civ. Proc. R. 204. We are therefore of the opinion that the judgment against the plaintiffs, and in favor of the defendant, should be modified or amended by striking out all provisions for the recovery of costs, so that the same may be a judgment in favor of the defendant Wagner, but without costs against the plaintiffs or either of them.

Proceeding now as to the remaining appeal, by the defendant Lubecke from the judgment entered against him upon a verdict, we are of the opinion that nothing appears in the record as a reason for disturbing the finding of the verdict. The question was one of negligence, and it had no other element in it, and it was submitted to the jury upon all the evidence in the case, and no exception was taken to any portion of the charge.

In the very recent case of Kenny v. Rhinelander, decided by the appellate division in the First department, and reported in 50 N. Y.

Supp. 1088, the court said upon the question of negligence and its submission:

"The justice presiding at the trial could not have done otherwise than submitted the issue of the defendant's negligence to the jury upon that conflicting evidence. It came down to the question of credibility, and, although we might have been better satisfied were the verdict the other way, we have no right upon such a record as this to substitute our judgment for the judgment of the jury."

It has often been said, upon such conflicts of evidence as are presented, an appellate court will not interfere with the verdict unless it plainly appears that it was the result of prejudice or clear misunderstanding of the facts; and the court said, in conclusion, that to interfere with the verdict rendered would be to usurp the functions of the jury. We think that rule well applies to the case at bar so far as the judgment in favor of the plaintiffs is concerned. These reasons lead us to the conclusion that the judgment against Lubecke should be affirmed.

Judgment affirmed, with costs.