Supreme Court, New York Special Term. December, 1900. Unreported.

HENRY H. LYMAN *v.* ADOLPH RUEHL, et al.

*Mead & Stranahan,* for plaintiff.

*David Hershfield,* for Ruehl.

*Boardman, Platt & Soley,* for F. & D. Co.

GILDERSLEEVE, J. Upon the trial of this action there was no appearance on behalf of the defendant The Fidelity and Deposit Company of Maryland. When I prepared the memorandum which was published in the "Law Journal" of June 16, 1900, I had no briefs before me, and overlooked section 16 of the National Bankruptcy Act of 1898, which provides that "The liability of a person who is a co-debtor with, or a guarantor, or in

any manner a surety for the bankrupt, shall not be altered by the discharge of said bankrupt." Within a day or two after the publication of the memorandum, and before directing an entry of judgment dismissing plaintiff's complaint as to the defendant Ruehl, my attention was called to the above provision of the National Bankrupt Act. When the findings were presented by the attorney for defendant Ruehl I was mindful of the error I had committed in stating in said memorandum, " It seems to me if the principal is not liable the surety is not liable  *   *   * and that the complaint must be dismissed as to the surety also," and was careful to see, before signing the findings, that they provided for a dismissal of the complaint as to the defendant Ruehl only. It did not occur to me that the surety company, upon the memorandum, might apply to the clerk for a similar judgment. Although the surety company did not appear at the trial, I apprehended that an application similar to the one made in behalf of Ruehl might be made by its attorneys, and that I would then have an opportunity of directing attention to the error I had committed in the memorandum. I never signed any other conclusion of law than the one which directed that the defendant Ruehl was entitled to a dismissal of the plaintiff's complaint as to said defendant. I settled and ordered on file the case and exceptions, on August 27th last, without examination, on the stipulation of the attorneys that the book was correct, and without identifying the case as the one having the particular history above set forth. Until my attention was called to the previous settlement of the case and exceptions I believed that the application made on November 13th to settle the case and order it on file was the first application to that end. On the date last named, remembering the history of the case, I examined it to see that judgment had been entered in favor of defendant Ruehl only, with the result that the case was found to contain a judgment in favor of the surety company as well. Inasmuch as I had never directed any such judgment, I declined to settle and order on file the case as presented.

An order should be made vacating the judgment herein in favor of The Fidelity and Deposit Company of Maryland, and directing a judgment against said company for the penalty of the bond, to wit: sixteen hundred dollars and costs.

As to the costs hereinbefore granted in favor of defendant Ruehl, those costs were allowed on the theory that both defend-

ants were entitled to judgment. But as only one of the two defendants is entitled to judgment the rule of costs is different. Section 3229 of the Code provides that where plaintiff is entitled to costs against one or more defendants, but not against all of them, none of the defendants are entitled to costs of course, and that in such case costs may be awarded, in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, "where he did not unite in an answer, and was not united in interest with a defendant against whom the plaintiff is entitled to costs." In the case at bar the defendants were united in interest, although they put in separate answers, while the plaintiff is entitled to costs against one of the defendants. In such case the defendant Ruehl cannot have costs in his favor. (See *Churchill* v. *Wagner*, 23 Misc. 597; *Frazer* v. *Hunt*, 18 Weekly Digest, 390; *Allis* v. *Wheeler*, 56 N. Y. 50.)

To the extent above indicated the motion herein is granted, without costs.

Settle order on notice.