1836.

Christy
v.
Christy.

## CHRISTY vs. CHRISTY and others.

Where one of three now resident defendants, against whom a bill in partition had been taken as confessed, and the master's report upon the title had been obtained, was permitted to come in and contest the complainant's right, upon payment of the costs of the proceedings, to take the bill as confessed against him and of the subsequent costs of the complainant consequent upon the order to take the bill as confessed; *Held*, that the absentees were not in default until the expiration of the time limited in the order for publication, and that the costs of the proceedings to take the bill as confessed against such defendant to which the complainant was entitled, commenced with the affidavit of the defendant's default to appear and answer within the time thus limited; that the defendant, who was permitted to come in and defend, was only chargeable with one-third of the costs of proceedings which remained good against the two other absentees; but that he was chargeable with the whole costs of the reference as to title, as the complainant must proceed de novo before the master if this defendant did not succeed in his defence.

The order, in a partition suit in chancery, to take the bill as confessed as against an absent or unknown defendant or owner, is an order of course; and it may be entered in the office of the register, or clerk, upon filing the affidavits of publication and of the neglect of the absentee, or unknown owner, to appear and answer within the time allowed by the order for publication.

The allowance in the fee bill for drawing instructions for the examination of a witness, is not applicable to the case of a witness examined before the master on a reference.

A counsel fee is not taxable for arguing or attending to argue before the master upon an ex parte reference, on a bill taken as confessed, where the adverse party has not appeared in the cause and is not summoned to attend on the reference. To authorize such an allowance to counsel there must either be an actual argument with the adverse party, on the reference, or the counsel must have attended, pursuant to notice, under the expectation that such an argument was to take place before the master.

Where a complainant is examined as a witness in his own favor, in a proceeding against an absentee, he is not entitled to charge for the expense of subpœning himself to attend before the master on the reference, or for his fees as a witness.

Whether the provisions of the revised statutes, authorizing the master upon a reference against an absentee to receive the testimony of the complainant as evidence, under the direction of the court, is applicable to the case of a reference as to title in a partition suit, where some of the defendants have been proceeded against as absent or unknown owners ? *Quere.*

September 20.   THIS was an application for the re-taxation of a bill of costs, payable under an interlocutory order of the court,

The suit was commenced for the purpose of making parti-
tion of certain real estate which the complainant claimed
to hold, jointly with the defendants, as one of the heirs at
law of his father; and three of the defendants who resided
out of the state were proceeded against as absentees. The
time for the appearance of the absentees having expired,
and the other defendants having suffered the bill to be ta-
ken as confessed, the complainant's solicitor made a special
application to the court for an order to take the bill as con-
fessed against the absentees, and to refer it to a master to
take proof as to the complainant's title and to ascertain the
rights of the several parties in the premises whereof parti-
tion was sought; and for leave to examine the complain-
ant before the master, to prove certain allegations in the bill
as against the absentees. The application was granted ac-
cordingly, and the whole was embraced in one special or-
der. The master having proceeded to execute the order of
reference and made his report thereon, Asa Christy, one of
the absentees, who claimed the whole of the premises un-
der the will of his father, applied to the court for leave to
come in and answer the bill. And he was permitted to do
so, "upon the payment of the costs of the complainant's
proceedings to take the bill as confessed against him, and
the subsequent costs which were consequent upon the order
to take the bill as confessed." In the bill of costs made out
under this order, the complainant claimed the whole costs
of the proceedings against the three absentees who were
proceeded against jointly; including the printer's bills and
the costs of obtaining the original order to advertise, &c.
The taxing officer, after rejecting several items of the bill
as not legally taxable, decided that as the three absentees
were proceeded against jointly, the complainant was only
entitled to one-third of the costs of the joint proceeding, as
against the defendant who had been let in to answer.

*J. Rhoades*, for the complainant.

*M. T. Reynolds*, for the defendant.

1836.

Christy
v.
Christy.

THE CHANCELLOR. To ascertain the intent and meaning of that part of the order which directs the payment of *the costs of the complainant's proceedings to take the bill as confessed against the defendant* who is permitted to come and defend the suit, we must advert to the situation and rights of the parties at the time the several proceedings took place for which costs are claimed under the order. No process was ever served upon the absentees, to appear and answer, and they had no actual or even constructive notice of the commencement of the suit, until after the publication of the notice and the expiration of the time allowed to them by the order of the court to appear and answer. All the proceedings of the complainant previous to that time were in the nature of a substituted service of process to appear and answer. The bill could not be taken as confessed until the order for publication had been entered and the publication had, agreeably to the directions of the statute. But the entering of the order, or the publication thereof, was no more a part of the proceedings to take the bill as confessed against the absentees, than the personal service of the subpœna upon the resident defendants was a part of the proceedings to take the bill as confessed against them. No proceedings could be instituted to take the bill as confessed against either class of defendants until they had made default in appearing, or in answering the bill after they had appeared. And if one of the resident defendants had been let in to defend, upon the terms in this order, no person who had any knowledge of the course of practice on this subject in courts of justice, would have thought of charging the costs of the subpœna, or of the service thereof, as a part of the costs of the proceedings to take the bill as confessed. The absentees were not in default until after the expiration of the time limited in the order for publication, as they were entitled, as a matter of course, to appear and answer at any time previous thereto. And the proceedings of the complainant to take the bill as confessed against this defendant, must, according to the true construction of the order permitting him to come in and defend the suit, be deemed to have commenced with the drawing of the affida-

vit of his default to appear and answer within the time limited in the original order for publication. Not only two-thirds, but the whole of the twelve first charges in the bill of costs, should therefore have been rejected by the taxing officer.

The taxing officer was right in charging this defendant with but one-third of the costs of the proceedings to take the bill as confessed against three absentees jointly, as those proceedings, as to two of the absentees, would have been necessary even if this defendant had appeared and answered within the time originally limited for that purpose ; and the proceedings as to those two are not abrogated or rendered useless by the subsequent order permitting this defendant to come in and defend the suit for himself only. If the complainant succeeds in the suit, the other two-thirds of the costs of those proceedings will be allowed to him as part of the costs in the cause ; and this defendant will thus be charged with his proper proportion thereof as one of the tenants in common of the premises of which partition is sought. And if the complainant does not hold the land in common with the other defendants, he has no just claim to those costs as against any of the defendants.

The taxing officer erred, however, in not allowing to the complainant the whole costs of the proceedings before the master upon the order of reference. As these proceedings before the master were ex parte, and this defendant has an interest therein, if he does not succeed in defeating the complainant's suit altogether the reference must be proceeded in de novo, as to some if not all of the objects of the reference. These costs were consequent upon the order to take the bill as confessed against this defendant ; and being rendered inoperative and useless in consequence of his coming in and defending the suit, they were properly taxable against him under the order granting him that indulgence.

The order to take the bill as confessed against an absent defendant in a partition suit, in this court, is an order of course ; to be entered in the office of the register, or clerk, upon filing the affidavits of publication and of the neglect of the defendant to appear and answer. The taxing officer

1836.

Christy
v.
Christy

was therefore right in disallowing the charge for solicitor's and counsel fees attending upon the order to take the bill as confessed against the absentees, although it was actually entered as a special order. Where a party makes an unnecessary application to the court for a special order, where an order of course might have been entered, he is only to be allowed, upon taxation, the ordinary costs of a common order.

The charge for drawing instructions for the examination of witnesses before the master was properly overruled. The allowance in the fee bill for drawing instructions for the examination of a witness is not applicable to such a case. The charge for attending the master with the order of reference, is the same in substance as a charge for attending the master to obtain his signature to a summons, which this court has heretofore decided is not provided for by the fee bill. (2 *Paige's Rep.* 496.) The complainant was not entitled to charge a counsel fee for arguing before the master on an ex parte reference, upon a bill taken as confessed, where the adverse party had not appeared in the cause and was not summoned to attend. To authorize an allowance to counsel for arguing, or appearing to argue before a master, there must either be an actual argument with the adverse party on the reference, or the counsel must have attended, *pursuant to notice,* under the expectation that such an argument was to take place before the master.

Twelve and a half cents was the proper allowance for serving the subpœna upon each witness. And the charge for the attendance of the complainant himself as a witness was properly disallowed. It is not necessary in this case to determine whether the 127th section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 186,) which authorizes the master to receive the testimony of the complainant in certain cases, is applicable to a proceeding against the absent defendants, or unknown owners, in a partition suit. But admitting this was a case in which the testimony of the complainant could be received to prove the extent of his interest in the premises of which partition was sought, he was not entitled to pay for his at-

tendance as a witness, or to an allowance for taking out a subpœna and serving it on himself. The charge of the master of $15 for superintending the survey, in addition to his taxable fees upon the reference, was also properly rejected by the taxing officer.

If the expense of this survey was necessary to enable the master to determine the question whether the premises were capable of a division, or to ascertain the proportion of the premises which belonged to the complainant, in reference to the alleged advancement to the two absentees who have not yet appeared in the cause, although it was a necessary disbursement in the suit it was not a disbursement which was consequent upon the taking of the bill as confessed against this defendant, or which will be rendered nugatory by his answer if the complainant succeed in the suit. Only one-third of that disbursement is therefore taxable, under this order, if any part of it can properly be allowed ; and the other two-thirds thereof will be recovered by the complainant upon the final decree for partition, as a part of the general costs in the cause.

The costs must be re-taxed by the vice chancellor of the fifth circuit upon these principles ; and neither party is to be allowed costs as against the other upon this application.