## SUPREME COURT.

### PERRY agt. LIVINGSTON AND OTHERS.

#### COSTS.

In an action brought upon an alleged partnership contract to recover against three defendants, where the referee found that there was no partnership between the defendants, the following questions of cost were decided:

1. Where two of the defendants appeared by an attorney, and the other defendant by a separate attorney who was a clerk in the office of the first attorney, but one bill of costs is taxable;

2. Where a cause is referred at the circuit on the ground of its being a referable cause, and before it is reached in its order, the charge of ten dollars as a circuit fee is not allowable;

3. The charge "after notice of trial," $7, is taxable but once, although the cause is more than once noticed at the circuit or upon a reference. It is a charge for all proceedings before actual trial;

4. Where the plaintiff is an assignee of the demand sued upon, and gives notice that he will examine the assignor as a witness under § 399 of the Code, and where the demand sued upon is a joint one against the defendants, *held*, that the defendant could not charge for the travel and attendance of his co-defendants as witnesses, although they were subpœnaed to attend as witnesses, did attend, and were sworn and testified, under the authority of § 399.

*At Chambers, January* 1852. This was an action upon contract, alleged to have been made jointly by the defendants as partners. The partnership was denied, and the referee to whom the action was referred, found that there was no partnership and made a general report for the defendants. Upon the adjustment of the costs, several questions arose which were decided by the\ clerk adversely to the plaintiff, who moves for a readjustment.

Perry agt. Livingston and others.

WARD HUNT, *for Plaintiff.*

F. KERNAN, *for Defendants.*

W. F ALLEN, Justice.—1. The clerk erred in allowing to the defendants separate bills of costs. To defendants who succeed and who have severed on the defence and appeared by separate attorneys, separate bills of costs are allowed (Tenbroeck vs. Page, 6 *Hill,* 267). Where they appear by the same attorney, although they answer separately, but one bill of costs can be taxed (Albany and W. S. R. R. Company vs. Cady, 6 *Hill,* 265; Tracy vs. Stone, 5 *How. Pr. R.* 404). The rule is the same where they appear by different attorneys who are partners (Crofts agt. Rockefeller, 6 *How. Pr. R.* 9).

In this action the defendants appeared nominally by different attorneys, but the attorney upon record of one of the defendants was and is the clerk of the attorneys of the other two defendants, and it is not claimed that he acted in the defence other than as the clerk and for the benefit of his principals. It was in effect an appearance by the same attorney. There was no necessity for a separate defence. The fact that the defendants were not partners, and as such joint contractors, furnished an available defence to all the defendants, and it was not a case in which a judgment could have been given for or against one or more of several defendants; a several judgment would not have been proper (*Code,* § 274). But one bill of costs should have been allowed.

2. The action was noticed for trial at the circuit, and before it was reached upon the calendar was referred upon motion of the defendants. The clerk has allowed " after notice of trial for circuit, $7," and " after notice of trial for reference, $7." But one of these items should have been allowed. The provision under which the item is allowed is as follows: " To the defendant, for all the proceedings before notice of trial, five dollars; for all subsequent proceedings before trial, seven dollars" (*Code,* § 307, *sub.* 2). The five dollars is allowed for putting the cause at issue and noticing it for trial, and the seven dollars for all subsequent services before *actual trial.* If the cause is necessarily noticed for trial more than once, the only compensation to

which the party is entitled, is given by subdivision 8 of the same section.

It would have been strange had the legislature allowed but five dollars for *all* the proceedings, before notice of trial, including an answer, and allowed seven dollars for every notice of trial; but the language employed and the whole tenor of the provisions of the Code in relation to costs, are entirely inconsistent with such a construction.

3. The cause was referred before it was reached upon the calendar at the circuit, upon the instance of the defendants, and the clerk allowed to the defendants, under the objection of the plaintiff, ten dollars for that circuit. I think in this the clerk erred. 1st. If the cause was a referable cause, as it doubtless was, in as much as it was referred upon motion and under the objection of the plaintiff, it was not necessarily upon the calendar." The defendants might and should have moved the reference before the circuit and without putting the cause on the calendar. 2d. The item can not be allowed for the reason that the cause was not reached upon the calendar. It was not for that cause that the action was not tried at the circuit at which it was noticed. The cause would have been tried had it been properly triable at the circuit. 3d. The cause was not postponed within the meaning of the statute. That clause of the statute is designed to embrace those causes, the trial of which is deferred from circuit to circuit for cause—not to actions which are placed upon the calendar and referred before they are reached (*Code*, 307, *sub*. 8).

4. A more serious question arises upon the allowance of witness's fees to the defendants for their attendance upon the trial. The action was brought by the plaintiff as assignee of the demand and the assignor was examined as a witness on his behalf (the plaintiff having given previous notice that he would be so examined). The defendants offered themselves as witnesses to the same matter, and were sworn on their own behalf (*Code.* § 399). The clerk allowing separate bills of costs to the defendants' appearing separately, allowed to the defendants, Henry W. and Horace C. Livingston, for the attendance of Van Vechten Livingston as a witness in their behalf, and to Van Vechten Livingston for the attendance of his codefendants as witnesses in his behalf.

There is nothing in the case to show that there was any matter in issue in which all the defendants were not jointly interested, and as to which a separate verdict or judgment could have been rendered, and to which any one of the defendants could have called his codefendants as witnesses within § 397 of the Code. The examination of the defendants was under the section before cited (§ 399), and in answer to the testimony of the assignor of the demand. It was not, therefore, a calling of one defendant as a witness for his codefendant, but it was an offer by each defendant of himself as a witness in his own behalf as well as in behalf of his codefendants. The examination was for the benefit of all and was not restricted to be used only in behalf of the codefendants under § 397. Can then a party be allowed for travel and attendance to give evidence in his own behalf as a witness? By the Code the prevailing party upon a judgment is allowed certain sums by way of indemnity for his expenses in the action, which allowances are termed costs (*Code*, § 303). By section 311, the clerk is authorized to insert in the entry of judgment, on the application of the prevailing party, the sum of the charges for costs as prescribed by the act, " and the necessary disbursements and fees of officers allowed by law." Witnesses are by law entitled to a certain compensation for their attendance, without the payment of which their attendance can not be compelled (*Laws of* 1840, *ch.* 386, § 8; 2 R. S. 400, § 42). It is as a necessary disbursement that the party is allowed to recover the amount paid for witnesses fees. If not actually paid, the party in whose behalf they attend is liable to pay them. But there is no such necessary disbursement incident to the attendance of the party; he attends voluntarily. It is true he necessarily incurs an expense in attending the trial of a cause, but it is not a fixed amount of fifty cents a day and four cents for each mile travelled, which is the amount he necessarily disburses to his witnesses. His expenses, if to be allowed at all, can not be regulated by the amount to which witnesses are entitled, but must be governed by the amount actually and necessarily disbursed by him in his attendance at the trial, to be shown by affidavit. But if the expenses of a party attending the trial of a cause to give evidence in his own behalf can be allowed him

as a necessary disbursement, then he should be allowed his necessary expenses while attending to aid and advise with his counsel upon the trial, which is ordinarily necessary. The principle is the same whether his attendance at the trial is for one cause or another, if it is necessary to the proper defence or prosecution of the action; and if the expense of attendance should be allowed in one case it should in all. There may be cases under § 397 in which a party may recover witnesses fees for the attendance of a codefendant; but this case is not within the provision of that section.

In Christy vs. Christy (6 *Paige*, 170), the chancellor held that when a complainant was examined as a witness in his own favor, in a case in which such examination was allowed, he was not entitled to charge for his fees as a witness. The cases are analagous, and if there were any doubt upon principle, this authority would be conclusive upon me.

Certain technical objections were taken upon the hearing which were finally waived and are therefore not considered. The conclusions to which I have come affect very seriously the amount of the compensation and the extent of the indemnity given to the defendants, and leaves them, probably, an inadequate compensation for the expenses incurred in the litigation. But the remedy is, I think, with the legislature. There must be a reference to the clerk of Oneida county to readjust the costs upon the principles indicated, without costs to either party.