### DANIELS *against* LYON and others.

Where, in an action for tort, there is a verdict in favor of certain of the defendants, and in favor of the plaintiff against the remaining defendants, the defendants prevailing are entitled of course to costs, under § 305 of the Code of Procedure, although all the defendants had joined in a single answer.

THE plaintiff brought an action in the supreme court for trespass upon lands against five defendants, who all joined in a single answer. Upon the trial the plaintiff obtained a verdict against two of the defendants; the other three had a verdict in their favor. The plaintiff entered judgment for his damages and costs against the two defendants. The three defendants who succeeded in their defence had their costs adjusted by the clerk, and obtained an order from Mr. Justice BARCULO, at the Westchester special term, giving them leave to enter judgment for the costs of their defence. On appeal to the general term, this order and judgment were affirmed. The plaintiff thereupon appealed to this

*J. W. Tompkins* for the appellants.

*S. E. Lyon* for the respondents.

ALLEN, J. Section 304 of the Code prescribes in what class of actions, which are those heretofore known as common law actions, the plaintiff upon a recovery shall be entitled as of course to costs against the defendant. Section

305 gives costs to the defendant in these actions unless the plaintiff be entitled to costs therein. These two sections dispose of the right of the parties to costs in the actions enumerated. The provisions of § 306 are not applicable to the class of actions embraced within §§ 304 and 305, but apply exclusively to actions of an equitable nature, such as would have been the subjects of suits in equity when the distinction between actions of law and suits in equity was recognized, and to appeals in certain cases. In the actions enumerated in §§ 304, 5, the design was to give the indemnity provided by the act to the plaintiff against all the defendants as to whom he should succeed, and to each defendant who should be unjustly brought into court and compelled to defend himself against an unfounded claim. Section 305 gives costs to the defendant, that is, to each defendant, unless the plaintiff be entitled to costs therein, that is, in that particular action, as against that defendant. For the purpose of determining the right of the parties to costs, the action, being one of the class enumerated in § 304, must be considered as a several action against those defendants who shall be acquitted or succeed therein. Although the legislature has not in language adopted the provisions of the Revised Statutes upon the subject, I see no evidence of an intent to change the rule. There is no good reason why the defendant in a case like this should not be entitled to indemnity for the false claim made against him; and as the statute regulating costs will upon a reasonable interpretation give it to him, I think we ought not to be astute to discover a different reading of the act. The question was properly disposed of by the supreme court. (*Comstock* v. *Bayard*, 2 *Sandf. S. C. R.*, 705; *Stone* v. *Duffy*, 3 *id.*, 761.)

JOHNSON, J. The question in this case is whether, under the Code of 1849, when in an action for trespass against several, who answer together by a single attorney, the plaintiff recovers against some of the defendants and the

others are acquitted, the defendants acquitted are entitled of course to costs against the plaintiff. This court so held in *Decker* v. *Gardiner* (4 *Seld.*, 29). It is true that in that suit the answers were separate, but this fact is not made material in the section on which that case was decided and this depends. That case was deliberately determined and I see no ground to reëxamine it.

Judgment affirmed.