## QUERISSLE *a.* HILLIARD.

*Supreme Court, First District; Special Term, April,* 1856.

PARTY EXAMINED.—RIGHT TO WITNESS FEES.

The defendant examined as a witness on his own behalf, in answer to the testimony of the assignor of the demand in suit, is entitled to fees as a witness, to be taxed in the costs.

Application for directions to the clerk, respecting the adjustment of costs.

CLERKE, J.—Thurston, one of the defendants, was examined, under section 399 of the Code, in answer to the testimony of the assignor of the demand, on his own behalf, as well as on behalf of his co-defendant, Hilliard. No matter was in issue, in which both defendants were not jointly interested, and as to which a separate judgment could have been rendered. A judgment having been recovered in favor of the defendants, the question now is, whether witnesses' fees can be taxed for defendants—both having appeared and defended by one attorney.

I find in Perry *v.* Livingston, (6 *How. Pr. R.,* 404), a case similar to this—that, it was decided in the 5th District at chambers that this charge could not be taxed, the judge referring in his decision to Christy *v.* Christy, (6 *Paige,* 170), where the chancellor held, that when a complainant was examined as a witness in his own favor, in a case in which such examination was allowed, he was not entitled to charge for his fees as a witness. The judge considered this authority would be conclusive upon him, even if he had any doubt upon principle. I am, however, of a different opinion, and do not consider any decision upon a point of this nature, at this time and under our present system, absolutely conclusive; although, of course, it should be regarded as an authority of great weight and influence. The law allows certain compensation to persons for attending, *as witnesses,* in the trial of a cause, without any exception. The statute making this allowance does not state, that the compensation should be confined to

Querissle *a.* Hilliard.

persons not parties. If, indeed, the position of party and witness were inconsistent, as was formerly much more frequently the case than at present, the effect would be, that although the party were subpœnaed by a co-defendant, and shoud attend, yet as he could not be examined, no charge could be taxed for his attendance as a witness. (See Schermerhorn *v.* Van Voast, 5 *How. Pr. R.*, 458). But where a party can be a witness, and is examined as such, I can see no reason why the usual charge should not be allowed. When he is examined he is as decidedly a witness, as if his name did not appear on the record ; he does not apper on the stand to plead or advocate his cause, or to perform any of the other duties of a party, but he attends, exclusively, in the character of a witness, to be examined and cross-examined, like any other person, in the same position. In short, by being a party, he is not divested of any of the rights, privileges, or relieved from any of the duties of a witness.

But, it is said, if the expenses of a party attending on the trial to give evidence on his own behalf can be allowed, then he should be allowed his necessary expenses while attending to aid and advise with his counsel upon the trial. This remark can have no force, unless it be essential for the party, as a party, to attend ; undoubtedly, if a party must necessarily attend the trial of his cause, whether he employs counsel or not, it would not be proper to allow him fees as a witness, for the plain reason that the allowance would be giving him a compensation for loss of time and expenses which he did not incur ; for, if he necessarily incurs them as a party, he does not incur them as a witness ; he has not been subjected to any loss of time or money, which he would not necessarily have incurred in acting as a party. But, we know if a suitor employs counsel and has an attorney, it is not always necessary for him to attend, and the state of his affairs or the requirements of a variety of circumstances may render it highly inconvenient or detrimental to him to be present at the trial, even when the trial takes place in the neighborhood in which he resides. In the present case, the party resided three hundred and seventeen miles from the city of New York, where the action was tried ; and there is

no proof that it was indispensable for him to appear at the trial as a party.

It is also said that the law allows this charge to the prevailing party, because he cannot procure the attendance of witnesses without paying the compensation on the service of the subpœna, or at all events even if the witnesses dispense with the pre-payment of their fees, that the party is liable for them; and that this is what a disbursement implies—a payment or a liability of the prevailing party to a third person. But I infer according to the true intent and meaning of the act, that the charge was intended to indemnify any person attending as a witness, for the loss of time and expenses, which he has incurred in consequence of attending; the law specifying a fixed amount as an indemnity; and whether the party has paid or incurred the fees to a third person as a witness, or has suffered loss of time or expenses by attending himself as a witness, the same reason precisely obtains for allowing this compensation; and as I have already said, the statute makes no discrimination.

The clerk will therefore allow this charge in the adjustment of the costs.