ANDREW J. WILLIAMS, RESPONDENT, *v.* ROBERT CASSADY AND JAMES CASSADY, APPELLANTS.

*Costs—defendants interposing separate answers by different attorneys are entitled to separate bills of costs, except when the defendants sever their defenses simply in order to increase the costs—right to separate bills of costs, how decided.*

Where, in an action brought against several defendants, each appears by a separate attorney and interposes a separate defense, and all succeed in their defenses, each of them is, under section 305 of the Code, entitled to a separate bill of costs, unless the severance be made in bad faith and for the purpose of increasing the costs. (*Allis* v. *Wheeler*, 56 N. Y., 50, distinguished.)

In this action, brought against the defendants as copartners, each appeared by a separate attorney and served a separate answer. The defendant Robert, who resided in this State, appeared by a Mr. Sawyer. The defendant James, who was a non-resident, having left the State to avoid his creditors. and having no property herein subject to attachment, was served by publication and appeared by a Mr. Day. The notice of the retainer of Mr.

Sawyer for Robert was in the handwriting of Mr. Day, and the answers were identical; that of James being copied and verified in the office of the attorney for Robert.

*Held*, that the severance of the action was in bad faith, and that but one bill of costs should be allowed to the defendants.

Where an application is made by defendants who have successfully interposed separate defenses, to have separate bills of costs taxed, under section 305 of the Code, the clerk has no power to refuse to allow them so to do, on the ground that the separate defenses were unnecessarily and collusively interposed. The remedy of the party aggrieved is to apply to the court by a motion, for the relief sought. (Per BOCKES, J.)

APPEAL from an order made at Special Term, setting aside and vacating the several judgments entered herein in favor of the defendants, for separate bills of costs, and directing the taxation of one bill of costs in place thereof.

This action was brought against the defendants as copartners and joint debtors for work, labor and services rendered, moneys paid, laid out and expended, and goods sold and delivered to them by the plaintiff.

James Cassady was, at the time of the commencement of the action, and still is, a non-resident, having fled from the State to avoid his creditors. The summons was served upon him by publication. At the commencement and during the pendency of the action James Cassady had no property in his own name within the State, having at the time of his flight put all of his property into the hands of his brother, Robert Cassady. Robert Cassady retained William H. Sawyer, Esq., as his attorney, and answered the complaint, denying all its allegations and pleading payment. The retainer of Mr. Sawyer was indorsed upon the copy of the summons and complaint served upon Robert Cassady, and was in the handwriting of H. W. Day, Esq., another attorney, who upon the completion of the service by publication, appeared and served an answer in behalf of James Cassady, which is almost exactly identical in form and verbiage, *mutatis mutandis*, with the answer of his brother Robert Cassady, and which was drawn and copied in the office of Mr. Sawyer, by his managing clerk. The case was tried before a referee. The trial was conducted on behalf of both defendants by Mr. Sawyer, the attorney for the defendant Robert. No testimony was presented on trial on behalf of James Cassady, individually. The referee,

reported in favor of the defendants, and judgment was entered thereon. Under objection of the plaintiff, the clerk taxed separate bills of costs in favor of the defendants. The plaintiff then moved to set aside this taxation, and an order was made vacating and setting aside the same, from which the defendants appealed.

*William H. Sawyer,* for the appellants.

*L. W. Russell,* for the respondent.

LEARNED, P. J.:

The case of *Allis* v. *Wheeler* (56 N. Y., 50), while it overrules the case of *Daniels* v. *Lyon* (9 N. Y., 549), does not seem to touch the present question. The opinion holds that section 306 of the old Code establishes " the conditions upon which one or more of several defendants might recover costs against a plaintiff *who should recover against other defendants.*" And such is the clear meaning of that section. The words " where the plaintiff fails to recover judgment against *all,*" do not mean " where the plaintiff fails to recover judgment against *any.*" They mean where the plaintiff recovers against *one* and not against *all.* With reason : because there the plaintiff has shown that he has *some* right of action. Therefore the question of costs is discretionary.

In the present case the question rests, not on section 306, but on sections 304 and 305, and the law applicable thereto. In *Atkins* v. *Lefever* (5 Abb., N. S., 221), the defendants had appealed by the same attorney. The court expressly refused to pass on the rule which should prevail if the defendants should sever.

Section 303 explains that costs are sums allowed to the prevailing party by way of indemnity of his expenses in the action. In the present case the defendants were not partners, as has been found by the referee. The plaintiff sued them as partners on an alleged joint liability. Each had a right to defend. They were under no obligation, either at law or in fair dealing, to unite in their defense. If A. and B., having, in fact, no joint or common interest, are sued as jointly liable, neither of them is bound to intrust his defense to the attorney selected by the other. One may defend in person. If costs are to indemnify, why should not each be entitled to the

indemnity? If not, which is to be indemnified? We see no reason why section 305 does not give, in such a case, costs to every defendant appearing and answering separately in good faith.

It is not necessary to say that this view would authorize two persons actually partners to sever in their defense, and to recover separate costs. A severance by partners might be so evidently in bad faith that it could not be permitted. Because a partner who retains an attorney in an action against the firm may be said to retain him for all of the firm.

In *Albany & W. S. R. R. Co.* v. *Cady* (6 Hill, 265), the defendants had appeared by the same attorney, and had filed separate pleas. The action was for tort. The court said that so far as torts were concerned, the case was substantially as though both defendants were acquitted. That they could tax only one bill, but that both should recover for the *separate* services, viz., for the pleas.

In *Ten Broeck* v. *Paige* (6 Hill, 267), two defendants had appeared by different attorneys. The action was tort. It was held that each was entitled to a full bill of costs, so far as the services were separate. But as to the services which were alike for both, there should be but one taxation. The court speaks of the severance as having been without any improper motive. See also the following case in the same volume.

It is true that these were cases of tort; but there seems to be no difference in principle between tort and a case where, in an action on contract, there is in fact no joint interest between the defendants. This last case is recognized in *Perry* v. *Livingston* (6 How. Pr., 404), which was an action on contract. There the court said that defendants who succeed and who have severed in the defense, and appeared by separate attorneys, are entitled to separate bills of costs. But in that case such separate bills were refused on the ground that there was not a *bona fide* separate appearance. (See also *Collomb* v. *Caldwell*, 5 How. Pr., 336.)

The present case is not an action in equity; therefore the report of the referee that the defendants recover costs is of no force. They are entitled to costs, or not so entitled, according to rules of law, and not according to the judgment of the referee.

It seems to us, therefore, that defendants who sever in their defense, and all of whom succeed, are entitled to several bills of costs, unless, however, such severance be in bad faith and to increase costs. Thus, if persons actually partners should sever in defending an action on a partnership liability, or if one defendant should defend by an attorney, and another by the attorney's clerk, these would be cases of bad faith.

In the present case James Cassady was a non-resident, having gone from the State to avoid creditors. All the property was in the hands of Robert Cassady, the other defendant. The summons was served on James by publication. There could be no personal service against him, and there was no property subject to attachment. At least this is a fair conclusion on a comparison of the affidavits. The retainer of Mr. Sawyer for Robertis in the handwriting of Day, the attorney for James. The answers are identical. That of James was copied and verified in the office of the attorney for Robert. The attorney for James stated that he received a letter from James about April 15, requesting him to appear. But he does not state that he had not himself personally written to James. Taking all these matters into consideration, and seeing the uselessness of this severance, or, perhaps, of any defense by James, we do not think that the severance of the defendants was in good faith.

The part of the order appealed from should be affirmed, with $10 costs, and disbursements.

FOLLETT, J., concurred.


BOCKES, J.:

The defendants had the right to appear by different attorneys, and interpose separate defenses; and having succeeded on the trial, they were entitled to separate bills of costs under section 305 of the Code, as matter of law, subject, however, to the power of the court to confine them to one bill in case it should be made to appear that they had made their separate defenses collusively to enhance costs. The exercise of this power by the court, for collusion and fraud on the practice of the court, has been indulged during a long period of time, notwithstanding the peremptory language of the

statute awarding costs to successful parties. It has for its basis an alleged fraud upon the law giving costs. By the record in this case as it stood when the costs were adjusted by the clerk, the defendants, having interposed separate defenses, were entitled to separate bills; not because the referee had so awarded costs, but because under section 305 of the Code they were entitled to the costs of their separate defenses as matter of law (*Board of Supervisors* v. *Bristol*, 58 How. Pr., 3). But it was open to the plaintiff to move the court for an order limiting the defendants to one bill, on the ground that the separate defenses were interposed unnecessarily and collusively; that the practice adopted was unjust, and a fraud upon the law. The clerk had no right to determine this question. He could exercise no judicial power in granting or refusing the costs of the action to any party. The suggestion to the contrary in *Haye* v. *Robertson* (38 N. Y. Super. Ct. [6 Jones & Spencer], 59), is, as I think, untenable. It was for the party alleging collusion to move the court for the relief he desired to obtain; the case on the record standing against him. The decision of the Special Term in this case, to the effect that before the defendants could have their separate bills taxed by the clerk they must obtain an order from the court permitting it, was erroneous. The decision of the Special Term was put on this ground only. If the case came within the purview of section 306 of the Code, the rule would be as declared by the Special Term. But it is shown in the opinion of LEARNED, P. J., herein, that section 306 has here no application.

The question whether the separate defenses were collusively interposed, in this case, to enhance costs, was not considered by the Special Term. Such, however, being the real and true question presented by the motion, this court should now examine it, to the end that the merits of the motion be determined by a proper order. Then is it made to appear satisfactorily on the papers submitted, that the defendants unlawfully and collusively severed in their defenses simply to enhance costs? I have had great difficulty in joining with my brothers LEARNED and FOLLETT, in giving an affirmative answer to this question. As above stated, each had the right to employ his own attorney. They were not jointly liable on the claim on which they were prosecuted. This fact was established on

the trial. They were not united in interest in their defenses. They were brothers, it is true, but when sued, they had no joint business relations, although they had been at a previous time in business together; and it is claimed that the circumstances attending the copying and service of the answers from the office of the attorney for one of the defendants, are shown to have been matters of mere accommodation between the attorneys. As it seemed to me, this case was unlike one wherein separate defenses were interposed by the same attorney; or wherein attorneys who were partners each answered separately for different defendants; or where the attorneys occupied the same office; or where one attorney answered for one defendant, and his law clerk answered for another. In such cases collusion to obtain double costs may well be inferred; and such are the circumstances attending most of the cases in the books wherein defendants, who interposed separate answers by different attorneys, have been limited to a single bill of costs. The cases bearing on this question are nearly all cited in *Atkins* v. *Lefever* (5 Abb. Pr., N. S., 221-2). For cases not there referred to, see *Pierce* v. *Brown* (40 N. Y. Super. Ct. [Jones & Spencer], 399), and *Milligan* v. *Robinson* (58 How. Pr., 380). The last case cited is not in point, however, as that was an equity case, and the referee had awarded costs to the defendants; the granting or withholding costs resting in his discretion. In order to defeat the defendants' claim to separate bills, it must be made to appear that the separate defenses were interposed collusively, simply to enhance costs. This is the question here, and my brothers Learned and Follett have reached the conclusion, that the separate defenses were in this case so interposed; and with that conclusion I am inclined to concur; but not without hesitation and some reluctance. It cannot be denied that there are some facts and circumstances on which this conclusion may be based.

Present—Learned, P. J., Bockes and Follett, JJ.

Order affirmed, with $10 costs, and disbursements.