CHARLES L. EASTMAN, Respondent, *v.* EMILY H. GRAY, Appellant, Impleaded with Another.

*Costs — the granting thereof to a successful defendant under the Code of Civil Procedure, § 3229, is discretionary — right and status of a defendant who answers, and of one who is in default.*

In all actions where the plaintiff is entitled, as a matter of course, to recover costs against some only of the defendants, section 3229 of the Code of Civil Procedure makes the right of the successful defendant in the same action to costs dependent upon the discretion of the court.

One, of two or more defendants brought into court, who alone defends an action, cannot be treated as the only defendant in the action in respect to the award of costs.

All of the defendants are made adverse parties by the process, and its service upon them, and the relation thus created does not cease to exist as to those who are in default, or continue alone as to those who defend.

APPEAL by the defendant, Emily H. Gray, from an order of the Supreme Court, made at the Yates Special Term and entered in the office of the clerk of the county of Yates on the 10th day of September, 1894, striking from a judgment, docketed and entered in favor of the defendant and against the plaintiff, the portion thereof awarding the costs of the action in favor of the defendant and against the plaintiff.

*John T. Knox,* for the appellant.

*William H. Fiero,* for the respondent.

BRADLEY, J. :

The action was brought against David G. Gray, as maker, and the defendant Emily H. Gray, as indorser, of a promissory note. The

latter alone defended. Judgment by default was taken against the maker, with costs. The issue made by the answer of the other defendant was tried and a verdict was directed in her favor, upon which, without any direction of the court, judgment was entered for her costs, adjusted by the clerk.

The question is whether she was, as of course, entitled to costs. The right of a party to costs is dependent upon the statute. The plaintiff was entitled to recover costs against the defendant David G. Gray, the maker of the note. (Code Civ. Proc. § 3228.) By the next section it is provided that the defendant is entitled to costs, of course, upon the rendition of judgment in an action specified in the preceding section, unless the plaintiff is entitled to costs. "But where in such an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs of course." (Id. § 3229.) The latter section takes the place of sections 305 and 306 of the Code of Procedure, which, since 1880, has been superseded by the Code of Civil Procedure. No substantial change has been made by it in the construction and effect of those two sections as they existed after 1851. Prior to that time the right of a plaintiff to costs on recovery against some only of the defendants in an action at law did not deny to the successful defendant in the same action the right as of course to recover them. (*Daniels* v. *Lyon*, 9 N. Y. 549.) In that year section 306 of the Code of Procedure was so amended as not to entitle him of course in such case to recover costs. (*Allis* v. *Wheeler*, 56 N. Y. 50; *Royce* v. *Jones*, 23 Hun, 453.)

The provisions of those sections, 305 and 306, are embraced in section 3229 of the present Code, and the latter section is entitled to the like construction, as its terms quite clearly import. (*Yamato Trading Co.* v. *Hoexter*, 44 Hun, 491.)

It would seem reasonable to give one of two or more defendants who alone and successfully defends the same advantages as to costs that he who is a single defendant has in an action at law. But in all actions where the plaintiff is entitled of course to recover costs the statute referred to has made the right of a successful defendant in the same action to costs dependent upon the discretion of the court.

As defined by the statute, " the party prosecuting a civil action is styled the plaintiff ; the adverse party is styled the defendant." (Code Civ. Proc. § 3338.)

It is not seen that one of two or more defendants brought into court, who alone defends, can be treated as the only defendant in the action. Both or all of them are made adverse parties by the process and its service upon them. The relation thus created does not cease to exist as to those who default, or continue alone as to those who defend. The right to judgment then arises as against the former, and as respects the latter the result of the issue is postponed

The view, therefore, is that the appellant is not entitled as of course to costs.

The order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.