---

(54 Misc. 87)

### LJUNGQVIST v. HARTMETZ et al.

(City Court of New York, Special Term. April, 1907.)

1. COSTS—DISCRETION OF COURT.
   A defendant, answering separately, is not entitled as of course to costs on the dismissal of the complaint as to him; but the court in such case may, under the express provisions of Code Civ. Proc. § 3229, award costs in its discretion.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 20.]

2. JUDGMENT—ERRONEOUS AWARD OF COSTS—REMEDY.
   Where the court, without an application for costs in favor of a defendant answering separately on the dismissal of the complaint as to him, erroneously orders judgment for costs in his favor. the remedy is for an order striking from the judgment that portion thereof which awards costs.

Action by Caroline Ljungqvist against John Hartmetz and another. Order striking judgment improperly awarding costs in favor of one of the defendants awarded.

John Loen, for plaintiff.
Herman Elfers, for defendants.

WADHAMS, J. Where the complaint is dismissed as to a defendant who answered separately, such defendant is not entitled to costs as a matter of course, provided the plaintiff is entitled to costs against one or more defendants. In such case costs may be awarded in the discretion of the court. Code Civ. Proc. § 3229. As no application for an award of costs was made in this case, the judgment entered improperly awarded costs in favor of the defendant. The proper remedy in such case is an order striking from the judgment docketed and entered in favor of the defendant and against the plaintiff that portion thereof awarding costs of the action in favor of the defendant and against the plaintiff. Eastman v. Gray, 81 Hun, 362, 30 N. Y. Supp. 895.

Such order may be entered. Settle same on notice.