(63 Misc. Rep. 117.)

BRUCK v. LAMBECK et al.

(City Court of New York, Special Term.   March, 1909.)

1. Costs (§ 3*)—Right Thereto—Dependent on Statute.
     The right of a party to costs depends on the statute.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1, 4, 5; Dec. Dig. § 3.*]

2. Costs (§ 90*)—Joint Defendants.
     Code Civ. Proc. § 3229, provides that defendant is entitled to costs of course on judgment in an action specified in section 3228, unless plaintiff is entitled; but where, in such action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all none of the defendants are entitled to costs of course. *Held*, that where, in an action on a note against the maker and indorsers, the maker defaulted, so that plaintiff was entitled to costs against him under section 3228, and verdict was recovered by the indorsers, under section 3229, costs in favor of the latter were in the discretion of the court, whether or not plaintiff suspended entry of judgment against the maker till termination of the trial against the indorsers.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 350–355; Dec. Dig. § 90.*]

Action by Rubin Bruck against Kalman Lambeck and others.   A bill of costs in the action was taxed by the attorney for defendants Rubin and Samuel L. Bruck, who succeeded in the action, and plaintiffs appeal.   Defendants in question held not entitled to costs, and the clerk directed to retax costs accordingly.

Morrison & Schiff, for plaintiff.
Samuel A. Berger, for defendants.

FINELITE, J.   The plaintiff brought an action against Kalman Lambeck, Rubin Bruck, and Samuel Bruck on a promissory note made by said Kalman Lambeck and indorsed by the other two defendants. The summons and complaint was served upon all of the defendants. The defendant Lambeck defaulted in pleading.   The defendants Bruck appeared and answered, and the action was in due course reached for trial.   After the trial before the court and jury, a verdict was rendered in favor of the defendants Bruck.   The attorney for said defendants taxed a bill of costs in the action as the successful party, and the plaintiff appeals from said taxation.

The plaintiff was entitled to a judgment against the defendant Lambeck on his default in failing to defend herein.   Therefore the plaintiff contends that under section 3229 of the Code of Civil Procedure, he being entitled to costs against defendant Lambeck, the defendants Bruck, although successful on the trial, are thereby not entitled to costs in the action.   Section 3229 reads as follows:

"The defendant is entitled to costs of course upon the rendering of final judgment in an action specified in the last section, unless the plaintiff is entitled to costs as therein prescribed; but where in such an action against two or more defendants the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs of course. In that case costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs where he did not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unite in an answer and was not united in interest with a defendant against whom the plaintiff is entitled to costs."

The question which now arises is whether the defendants as a matter of course are entitled to costs. The right of a party to costs is dependent upon the statute. The plaintiff was entitled to recover costs against the defendant Lambeck, the maker of the note. Code Civ. Proc. § 3228. By the next section, above quoted, it is provided that the defendant is entitled to costs of course upon the rendition of judgment in an action specified in the preceding section (section 3228, Code Civ. Proc.) unless the plaintiff is entitled to costs. But "where in such an action against two or more defendants the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs of course." Id. § 3229. The latter section takes the place of sections 305 and 306 of the Code of Procedure, which since 1880 has been superseded by the Code of Civil Procedure. No substantial change has been made by it in the construction and effect of those two sections as they existed after 1851. Prior to that time the right of a plaintiff to costs on recovery against some only of the defendants in an action at law did not deny the successful defendant in the same action the right as of course to recover them. Daniels v. Lynn, 9 N. Y. 549. In that year section 306 of the Code of Procedure was so amended as not to entitle him of course in such case to recover costs. Allis v. Wheeler, 56 N. Y. 50; Royce v. Jones, 23 Hun, 453. The provisions of those sections, 305 and 306, are embraced in section 3229 of the present Code, and the latter section is entitled to a like construction, as its terms quite clearly import. Yamatto Trading Co. v. Hoexter, 44 Hun, 491.

It would seem reasonable to give one of two or more defendants who alone and successfully defends the same advantages as to costs that he who as a single defendant has in an action at law. But in all actions where the plaintiff is entitled of course to recover costs the statute referred to has made the right of the successful defendant in the same action to costs dependent upon the discretion of the court. It makes no difference whether the plaintiff suspended the entry of the judgment against the defendant who defaulted immediately on his failure to answer or plead. He may enter the judgment against the defaulting defendant at such time as he may find it convenient, and may suspend the entry of such judgment until the termination of the trial against the other defendants. The defendant so defaulting, the plaintiff is entitled as a matter of right under the practice to costs before trial. Therefore, if two or more defendants are brought into court, he who alone defends can be treated as the only defendant in the action. Both or all of them are made adverse parties by the process and its service upon them. The relation thus created does not cease to exist as to those who default, or continue alone as to those who defend. The right to judgment then arises as against the former, and as respects the latter the result of the issue is postponed.

The defendants, for the reasons hereinbefore stated, are not entitled to costs, and the clerk is directed to retax the costs accordingly. Settle order on one day's notice.