### LINN v. NASSAU ELECTRIC R. CO. et al.

(Kings County Court. January 17, 1913.)

Costs (§ 90*)—Prevailing Party—Two or More Defendants.

    Under Code Civ. Proc. § 3229, relating to cases in which plaintiff recovers against only part of defendants, the right to costs of the successful defendant rests in the court's discretion, and judgment therefor should not be entered, except by order of the court; the proper practice being for the successful defendant to apply for permission to enter judgment.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 350–355; Dec. Dig. § 90.*]

Action by Eugene Linn against the Nassau Electric Railroad Company and another. Motion by plaintiff to vacate, and motion by one of the defendants to permit to stand, and a judgment entered in favor of one of said defendants against plaintiff for costs. Judgment vacated.

John Gerdes, of New York City, for plaintiff.
Samuel Greason, Jr., of New York City, for defendants.

SWEETLAND, J. This action against two defendants was tried at the October term of this court. The jury rendered a verdict in favor of the plaintiff and against the defendant the Nassau Electric Railroad Company, and of no cause of action in favor of the defendant

Scranton & Lehigh Coal Company. The defendant Scranton & Lehigh Coal Company thereupon, without application to the court, taxed costs and entered judgment against the plaintiff for $86.78.

This motion is made by the plaintiff to vacate and set aside said judgment as unauthorized. The decision of this motion is governed by section 3229 of the Code of Civil Procedure, which reads as follows:

"Sec. 3229. When Defendant Entitled to Costs of Course—Rule as to Two or More Defendants.—The defendant is entitled to costs, of course, upon the rendering of a final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs, as therein prescribed. But where, in such an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs, of course. In that case, costs may be awarded, in the discretion of the court, to any defendant, against whom the plaintiff is not entitled to costs, where he did not unite in an answer, and was not united in interest, with a defendant, against whom the plaintiff is entitled to costs."

The above section has been before the courts and construed heretofore, and it has uniformly been held, where one of two defendants succeeds and the other is unsuccessful upon the trial, the right of the successful defendants to costs rests in the discretion of the court. Judgment should not be entered in favor of the successful defendant, except by order of the court. Eastman v. Gray, 81 Hun, 362, 30 N. Y. Supp. 895; N. Y. El. R. R. Co. v. McDaniel, 31 Hun, 310. The proper practice for the successful defendant herein would have been to have applied to the court for permission to enter judgment. This not having been done, entry of judgment by the defendant Scranton & Lehigh Coal Company was unauthorized, without legal sanction, and must be vacated and set aside, with $10 costs to the plaintiff.